THE PEOPLE OF PUERTO RICO, Plaintiff, and Appellee, *v.* JOSÉ RAMÓN GUZMÁN, Defendant and Appellant.

No. 9650.  Argued February 9, 1943.—Decided March 25, 1943.

612

*Frank Torres* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appelle.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

José Ramón Guzmán was charged in the District Court of Ponce with the crime of involuntary manslaughter and after a trial was held, the jury brought a verdict of guilty and the court sentenced him to two years in jail. In this appeal the accused alleges the commission of six errors, to wit: "1, in not ordering the accused or his lawyer to be transported to the place of the occurrence in the same vehicle in which the jury was transported, accompanied by the person named by the court to serve as guide for the jury, thus depriving him of the right to be present at this

important part the trial; 2, in denying the motion in arrest of verdict and for a new trial; 3, in not rendering a timely decision of the motion filed by the accused for the jury to retire to its chambers, while counsel for the defense attacked the propriety of the district attorney's opening address; 4, in denying the requests for instructions filed by the defense; 5, in appointing a witness for the prosecution, a minor, to show the jury the place of the occurrence and in not giving preference to a witness for the defense or to a person foreign to the case; and 6, in permitting the person so named . . to testify before the jury as to the way in which the occurrence took place, thus violating the defendant's constitutional rights.''

■■ The first and fifth assignments are without merit. In the recent case of *People* v. *Cruz*, 60 P.R.R. 112, this court, after giving ample consideration to the matter, laid down the general rules which should prevail in the taking of a view in a criminal proceeding, and it was held that, according to §258 of the Code of Criminal Procedure, the judge is endowed with discretion for the appointment of a witness to show the place of the occurrence to the jury, and that a view taken in the absence of the accused does not violate the constitutional guarantee contained in §2 of our Organic Act.

The record shows that the accused and his attorneys were present at the view. The fact that they were not taken there in the same vehicle used by the jury in no way may be interpreted in the sense that they were deprived of the right to be present during an important part of the trial. The record does not show that the accused asked the court to be taken in the same vehicle and that his petition was denied; but even if that were so, the first error would not have been committed. Nor would the fifth error have been committed, according to the decision in *People* v. *Cruz, supra.*

■ Counsel for appellant in his brief limits himself to stating the second error, and in what he designates ''Discus-

sion" he states: "For the discussion of these errors we respectfully refer the court to pp. 273–295 of the Transcript of Evidence," and he alleges that, as is shown by what appears therein, "the court acted with passion, prejudice, and partiality in not deciding that Mérida González made highly prejudicial statements against the accused in the presence of the jury."

This is not the way in which an assignment of error should be made in this court. We are under no obligation to examine twenty-two pages of the transcript of evidence without the attorney having first specified the basis of the alleged error. *Fabelo* v. *Quintana,* 53 P.R.R. 81. The prosecuting attorney is correct when he states in his brief:

"There is no specific assignment of this alleged error to tell us exactly what appellant's contention is. The transcript of evidence, in that part to which appellant calls our attention, contains more than twenty pages. The 'composite' motion in 'arrest of verdict', and for a new trial consists of nine paragraphs (the last one is subdivided into four parts) and seven of them assign errors as committed by the lower court, without appellant discussing or arguing in this court those matters, within this wide assignment of error. We do not know what specific point to rebut, and we do not believe that appellant has the right to have this alleged error considered without adequately presenting it to the court in his brief, with arguments in favor of the alleged error, nor that on the basis of a mere reference to the transcript of evidence, this court and the appellee should be obliged to review each and every one of the questions raised in the motion presented to, and decided by, the lower court, and each one of the rulings in relation to each one of those points. (*People* v. *Lamboy,* 38 P.R.R. 207.)"

The third assignment is also without merit. It is true that the accused objected to several statements made by the district attorney in his opening address to the jury and he asked the court to instruct the jury not to take them into consideration. The record shows that both parties argued the matter and the court ruled in favor of the accused and gave the instruction prayed for (Tr. of Ev., pp. 40 to

49). The court did not refuse to have the jury retire to its chambers and if it remained in the courtroom several minutes, that was due to the fact that its withdrawal was not asked until after the parties had commenced to argue the legal question raised. This having been ruled in favor of the defense, we fail to see how the accused could have been prejudiced by the fact that the jury remained in the court-room during several minutes, especially in view of the court's instructions to the effect that the jury should not take into consideration the statements made by the district attorney.

The fourth assignment is to the effect that the court erred in denying the requests for instructions filed by the defense. As in the second assignment, appellant fails to argue this error, since he limits himself to referring us to the instructions numbered I, III, IV, and V which appear in the judgment roll. We have read those instructions and it is enough to say that the refusal to give them was justified since the court had already included them in its general instructions to the jury.

However, appellant does argue a point which he did not include in the error assigned. He holds that the trial judge exceeded his legal powers in pointing out in his instructions to the jury that they should take into consideration the "abnormal" interest of the accused to testify in his own defense.

We fail to see how counsel for appellant can make a statement of this nature, because what was said by the judge is exactly the opposite of what counsel says. The phrase used in the instruction in reference to the interest which an accused may have upon testifying as a witness was that: "it is a natural and in no way abnormal interest," and he ends by saying: "The fact that he testifies and is interested is not a ground for you to discard his testimony. . . ."

The last assignment refers to the fact that the lower court permitted the person named by it to show the jury the place of the occurrence to testify before it as to the way in

which the occurrence took place. In discussing this error, appellant limits himself to copying the following from the transcript of evidence:

"I again swear in as witness Miss Mérida González. Do you swear to tell the truth and nothing but the truth of what you know and what you are asked in this view by the gentlemen of the jury and by the Judge?

"Miss Mérida González: Yes, sir.

"Were you here on January 25, 1942?

"Yes, sir.

"Tell the gentlemen of the jury where you were. Here in the corner.

"Close to the fence? Yes, sir. With Mr. Eladio Ayala's grandson at my right side.

"In front of the front gate? Yes, sir.

"Was it in the same condition that night as it is now? It was dark.

"The ground? How was the ground; the road, the ditch? It is full of people now.

"How was the ground? Exactly as it is now.

"Do the gentlemen of the jury, who are looking at the ground, wish to make any question?

"Juror Mr. Marcelino Santos: The group, where was it?

"Atty. Frank Torres: We object to all this.

"Witness: Here.

"Don't answer that question. Let it be understood that I object to the entire interrogatory of the designated person, that is, Miss Mérida González, made by the court. Let it be understood that I object to all questions put to this young lady, no matter who put the question, with reference to the place where the person stood, on the ground that this person is not a witness testifying at the formal trial of this case, and should she testify, she would unduly influence the jury against the substantive rights of the accused. And we will not cross-examine.

"Judge: The defense may cross-examine in respect to those questions.

"Atty. Frank Torres: We have objected, and if we were to cross-examine, we would waive the right to our objection. Our objection is that this young lady is a witness who appears as a witness for the prosecution."

Confining ourselves to considering what has been transcribed, which is what appellant specifically calls to our attention, we might say that the witness limited herself to answering several questions put to her by the judge as to the place where she stood on the night of the occurrence; that the night was dark and that the ground was in the same condition; and that her testimony could in no way prejudice the accused. However, reading the entire record of the view (Tr. of Ev., pp. 251 to 260) it is true that when a jury asked her where the bus was standing, the witness answered: "The bus was standing over there. It left Mr. Ayala here, and the car came over on the macadam and ended up there. *The car went by at an exaggerated speed*"; but the court instructed the witness that she could not testify "as to the facts of the case" (Tr. of Ev. pp. 255–257). The attorney for the defense refused to cross-examine the witness. Coming back into the courtroom, the court gave the jury the following instruction:

"We have returned from the view taken with respect to this case. The court wishes to warn the gentlemen of the jury that they should take into consideration that part of the view consisting of the statements of the person named by the court to orient them as to the contours of the land and the persons and things thereon. If anything was said apart from that, for example, the statement made in answer to questions put up by a jury to the effect that the car was traveling at an exaggerated speed, that should be stricken altogether and not taken into consideration. Consider it as if it had never been said."

In the case of *People* v. *Cruz, supra,* we held that: "any slight departure from the procedure regarding the view" does not prejudice the substantial rights of an accused. In the case at bar, although it is true that while witness Mérida González was showing the place of the occurrence she stated that the car went by at an exaggerated speed, it is also true that the court immediately forbade her to testify as to the facts of the case and instructed the jury not to take into con-

sideration the testimony of the witness to that effect. The accused was not prejudiced.

Because of the deficiencies in appellant's brief we have had to make our own investigation, following the suggestions contained in the prosecuting attorney's brief, as to whether or not the lower court committed the errors assigned. We reiterate what we said in the cases of *People* v. *Lamboy*, and *Fabelo* v. *Quintana, supra.* Counsel should comply with Rules 42 and 43 of this court.

The judgment is affirmed.